H. AND L. EPSTEIN, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ARMY AND NAVY STORE TRUST, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

H. AND L. EPSTEIN, INC., AND ARMY AND NAVY STORE TRUST, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 44267–44269. Promulgated February 28, 1933.

*Bernard Greensfelder, Esq.*, for the petitioners.
*J. H. Pigg, Esq.*, for the respondent.

OPINION.

LEECH: These three proceedings, consolidated for hearing and decision, are appeals from deficiencies in income taxes asserted against the Army and Navy Store Trust for the period January 1 to February 5, 1924, in the sum of $140.27, for the period February 6 to December 31, 1924, in the sum of $1,334.72, and from a deficiency asserted against H. and L. Epstein, Inc., for the calendar year 1924 in the sum of $417.96. The errors assigned are the same in each proceeding, these being the disallowance by respondent of the respective taxpayers' claims of affiliation for all of the calendar year 1924 with the H. and L. Epstein Trust Estate.

The facts are all formally stipulated by the parties and the stipulation filed is incorporated herein by reference as our findings of fact. Briefly stated, the facts are that the petitioner, H. and L. Epstein, Inc., is a Missouri corporation which acquired on organization in 1922 a supply house in St. Louis, Missouri, and two chains of retail stores. The stock of this petitioner has at all times been owned by the same seven individuals.

Shortly after its organization and in the same year this petitioner caused to be created two " Massachusetts trusts", each with 500

shares or beneficial interests, known as the Army and Navy Store Trust and H. and L. Epstein Trust Estate. To each of these trusts it conveyed one of the chains of stores referred to in consideration of the issue to it of all of the shares of or beneficial interests in such trust. Thereafter these trusts owned and operated these stores. The petitioner, H. and L. Epstein, Inc., continued to own all of the shares or beneficial interests in the two trusts mentioned, with the exception of 30 shares of the petitioner Army and Navy Store Trust which it sold to one Hill and 30 shares of the H. and L. Epstein Estate which it sold to one Ragan. Both of these individuals were store managers and both sales of stock were made prior to 1924. On February 5, 1924, H. and L. Epstein, Inc., reacquired from Hill the shares sold him and on December 30, 1924, reacquired the shares sold to Ragan. These reacquired shares were in each instance owned by this petitioner during the balance of the year 1924.

This corporate petitioner and the two trusts mentioned filed consolidated returns for the calendar year 1924, during which year the H. and L. Epstein Trust Estate had an operating loss. Respondent in determining the deficiencies here in question held that the corporation and the Army and Navy Store Trust were only affiliated in 1924 for the period of February 6 to December 31, inclusive, and that the H. and L. Epstein Trust Estate was not affiliated with either of the other two for any period during 1924. Respondent now admits that affiliation of the three organizations did exist for the one day, December 31, 1924, and that the deficiency should be recomputed with this adjustment.

Section 240 (c) of the Revenue Act of 1924, provides:

For the purpose of this section two or more domestic corporations shall be deemed to be affiliated (1) if one corporation owns at least 95 per centum of the voting stock of the other or others, or (2) if at least 95 per centum of the voting stock of two or more corporations is owned by the same interests. A corporation organized under the China Trade Act, 1922, shall not be deemed to be affiliated with any other corporation within the meaning of this section.

Petitioners contend that affiliation of the three organizations existed during all of the year 1924 because the stipulated facts show them all to have been owned during that period by the " same interests " within the purview of section 240 (c) above quoted. Several decisions of the courts and of the Board are cited in support of the contention that ownership of a small amount of stock by employees under conditions somewhat similar to those here existing constitutes holding by the " same interests." These decisions, however, were rendered prior to the decision by the Supreme Court in the case of *Handy & Harman* v. *Burnet*, 284 U. S. 136. It is shown that Hill, who owned 6 per cent of the shares of one trust here involved, and Ragan, who owned 6 per cent of the shares of the other trust, had

no other interest in these three organizations. Neither of them owned shares in H. and L. Epstein, Inc. Consequently they can not be considered as the same interests as the seven owners of the stock of that company and for the same reason can not themselves be considered jointly as the same interests in respect to ownership of the two trusts in question. *Handy & Harman* v. *Burnet, supra; Crossett Western Co.*, 27 B. T. A. 258. It necessarily follows that there was no statutory affiliation between these companies predicated upon ownership of 95 per cent of their voting stock by the same interests for the period February 6 to December 30, 1924.

Petitioners contend, however, that affiliation existed during the period February 6 to December 31, 1924, because it is shown that during that period H. and L. Epstein, Inc., owned more than 95 per cent of the voting stock of the two trusts by reason of its ownership of 970 shares or 96 per cent of the combined 1,000 shares of the two. It is urged that this shows a 96 per cent ownership of the voting stock of the two and complies with the statutory requirements.

We do not agree with this construction and application of section 240 (c). The purpose of Congress in this section was to tax the income resulting from the conduct of what was in effect a single business enterprise, as that of a business unit, even though conducted by means of several corporations. The report of the Senate Finance Committee, to which had been referred the Revenue Act of 1918, in discussing section 240 thereof, which, in all respects pertinent to the question presented here, is identical with section 240 of the Revenue Act of 1924, states:

> The purpose of section 240 was, by means of consolidated returns, to require taxes to be levied according to the true net income and invested capital resulting from and employed in a *single business enterprise*, even though it was conducted by means of more than one corporation. [Senate Documents, Vol. 4, Doc. 310, 65 Cong. 3d Sess.]

The purpose and intent as stated above has been recognized by respondent and also by Congress in enactment of subsequent income tax legislation. Regulations 41, art. 77; section 1331 (a), Revenue Act of 1921; sections 240 (b) and 336 of House Bill 12863 (40 Stat. 1081 and 1096). Regulations 45 (1920 Ed.) arts. 631, 633. Cf. *Handy & Harman* v. *Burnet, supra.*

In the last cited case the court also recognized that the ownership required of two or more corporations by the parent company as the basis for affiliation is an ownership in each to the extent set out in the section. On that question the court said:

> It requires no discussion to show that such returns will not make against inequality or evasion unless the same interests are the beneficial owners in like proportions of substantially all the stock of *each* of such corporations.

Petitioner's theory would permit a corporation owning all of the voting stock of a 100,000 share corporation to acquire affiliation with a corporation of 5,000 voting shares by the purchase of only one share of the latter's stock. In that case, although it would then own more than 95 per cent of the *combined* voting shares of the two, to allow affiliation under such conditions would defeat the purpose of the quoted section. Accordingly, we refuse to give such meaning where the construction applied by respondent gives effect to the legislative intent.

We hold that the action of respondent, to the extent to which he denied affiliation, is correct with the one exception that affiliation of the three organizations existed for one day of the taxable period, to wit, December 31. Respondent agrees that his determination should be adjusted to that extent.

The appeal under Docket No. 44267 is by H. and L. Epstein, Inc., from the deficiency determined against it and that under Docket No. 44268 is by the Army and Navy Store Trust from the deficiencies determined as heretofore set out. By these two proceedings are presented every issue raised by these petitioners upon the deficiencies asserted. Under Docket No. 44267 these two individual petitioners have attempted to appeal jointly from the several deficiencies asserted against them individually and covered by their two separate appeals. A motion by respondent to dismiss the appeal under Docket No. 44269 as improperly joining two separate appeals and as covering issues upon which appeals were already pending before this Board, was taken under advisement at the hearing. This motion is now granted.

*An order of dismissal will be entered in Docket No. 44269. In Docket Nos. 44267 and 44268 judgment will be entered under Rule 50.*